UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DARREN JEROME FUSELIER,<br><br>    Plaintiff,<br><br>-vs-<br><br>EQUIFAX INFORMATION SERVICES LLC and CAPITAL ONE, N.A.,<br><br>    Defendants. | Case No. |

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, DARREN JEROME FUSELIER (hereinafter "Plaintiff"), by and through his undersigned counsel, for his cause of action against Defendants, EQUIFAX INFORMATION SERVICES LLC (hereinafter "Equifax") and CAPITAL ONE, N.A. (hereinafter "Capital One") (hereinafter collectively "Defendants"), and in support thereof respectfully alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq*.

## PRELIMINARY STATEMENT

1. This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the FCRA.

2. Today in America there are three major consumer reporting agencies, Equifax Information Services LLC (hereinafter "Equifax"), Trans Union LLC

(hereinafter "Trans Union"), and Experian Information Solutions, Inc. (hereinafter "Experian") (hereinafter collectively "CRAs").

3. Consumer reporting agencies that create consumer reports, like Equifax, are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities, particularly where a consumer makes a dispute about information reported.

4. When a consumer like Plaintiff disputes information through the agencies, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

5. The Consumer Financial Protection Bureau has noted, "experience indicates that [Credit Reporting Agencies] lack incentives and under-invest in accuracy". Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

**JURISDICTION AND VENUE**

6. Jurisdiction for this Court is conferred by 28 U.S.C. § 1331, as this action involves violations of the FCRA.

7. Venue is proper for this Court pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

8. Venue is proper in this District as Equifax's principal address is in this District; Defendants transact business within this District; and violations described in this Complaint occurred in this District.

9. Plaintiff is a natural person and resident of King County in the State of Washington. He is a "consumer" as defined by 15 U.S.C. § 1681a(c).

10. Equifax is a corporation headquartered at 1550 Peachtree Street, Northwest in Atlanta, Georgia 30309.

11. Equifax is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Equifax is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

12. Equifax disburses such consumer reports to third parties under contract for monetary compensation.

13. Capital One is an FDIC insured national bank headquartered at 1680 Capital One Drive in McLean, Virginia 22102 that upon information and belief conducts business in the State of Georgia.

14. Capital One is a "furnisher of information" as that term is used in 15 U.S.C § 1681s-2.

15. Capital One furnished information about Plaintiff to the CRAs that was inaccurate.

## FACTUAL ALLEGATIONS

16. Plaintiff is alleged to owe a debt to Capital One, partial account number ending in x3234, as to a credit card (hereinafter "Capital One Account").

17. In or about summer 2024, Plaintiff sent payment to the Capital One Account leaving a zero balance.

18. On or about October 14, 2024, Plaintiff contacted Equifax to dispute the Capital One Account which was reported with an erroneous balance of $3,315.

19. On or about October 24, 2024, Plaintiff received dispute results from Equifax which stated the Capital One Account was verified as accurate and continued to report the erroneous balance of $3,315.

20. Equifax failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher.

21. Equifax never attempted to contact Plaintiff during the alleged investigation.

22. Upon information and belief, Equifax notified Capital One of Plaintiff's dispute. However, Capital One failed to conduct a reasonable investigation and

merely compared its own erroneous data to that provided by Equifax in connection with the dispute investigation.

23.  On or about November 4, 2024, Plaintiff obtained a copy of his Equifax credit report and observed it continued to be reported with a status of pays as agreed and an erroneous balance of $3,315.

24.  On or about November 8, 2024, Plaintiff reported the inaccurate reporting of the Capital One Account to the Consumer Financial Protection Bureau ("CFPB"), File ID 241108-16878097.

25.  In the CFPB report, Plaintiff detailed the fact that the Capital One Account was reporting an inaccurate balance, and he requested an investigation into the inaccurate reporting.

26.  Under 15 U.S.C. § 1681e (3) of the FCRA, credit reporting agencies, such as Equifax, are required to review certain consumer complaints about inaccurate information that are originally sent to the CFPB.

27.  Upon information and belief, Equifax failed to review the CFPB complaint that Plaintiff filed and continued to report the erroneous balance of the Capital One Account on his credit report.

28.  Shortly thereafter, Plaintiff again contacted Equifax to dispute the erroneous balance of the Capital One Account.

29. On or about November 18, 2024, Plaintiff received dispute results from Equifax which stated the Capital One Account was verified as accurate and continued to report the erroneous balance of $3,315.

30. Equifax failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher.

31. Equifax never attempted to contact Plaintiff during the alleged investigation.

32. Upon information and belief, Equifax notified Capital One of Plaintiff's dispute. However, Capital One failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Equifax in connection with the dispute investigation.

33. Due to the continued inaccurate reporting, on or about November 20, 2024, Plaintiff mailed a detailed dispute letter to Equifax. In the letter, Plaintiff requested a copy of his credit report. Further, Plaintiff advised that the Capital One Account was not accurate and that the debt they were claiming Plaintiff owed was not valid. To confirm his identity, Plaintiff included images of his driver's license and Social Security card in the letter. Further, Plaintiff provided images of the erroneous reporting, images of his October 2024 billing statement for the Capital One Account showing a zero balance, images of the filed CFPB Complaint, and images of the Capital One Account being reported accurately by other CRAs.

34. Plaintiff mailed his detailed dispute letter to Equifax via USPS Certified Mail, tracking number 9407 1112 0620 5561 0361 62.

35. Despite confirmation of delivery on November 25, 2024, Plaintiff did not receive dispute results or a copy of his credit report in the mail from Equifax. However, upon review of his updated credit report on or about December 20, 2024, Plaintiff observed the Capital One Account was finally reported with an accurate balance.

36. Due to the inaccurate reporting, Plaintiff's application for a business loan was denied.

37. As a result of the inaccurate credit reporting, Plaintiff has suffered damages, including, but not limited to:

   i. Monies lost by attempting to fix his credit. Plaintiff has suffered actual damages in postage paid, wasted ink and paper, and wasted time;

   ii. Loss of time attempting to cure the errors;

   iii. Mental anguish, added stress, aggravation, embarrassment, sleepless nights, and other related impairments to the enjoyment of life; Plaintiff is being physically affected by Defendants' actions;

   iv. Reduction in credit score;

  v. Apprehensiveness to apply for new credit due to the fear of rejection; and

  vi. Defamation as Defendants published inaccurate information to third party entities.

## CAUSES OF ACTION

### COUNT I
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Equifax Information Services LLC (Negligent)

38. Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-seven (37) above as if fully stated herein.

39. Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

40. Equifax allowed for a Furnisher to report inaccurate and erroneous account information to Plaintiff's credit file.

41. Upon information and belief, Equifax does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

42. Equifax selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

43. Equifax chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

44. As a result of this conduct, action, and inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; reduction in credit score; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

45. The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

46. Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, DARREN JEROME FUSELIER, respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

**COUNT II**
**Violation of 15 U.S.C. § 1681e(b) as to**
**Defendant, Equifax Information Services LLC (Willful)**

47. Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-seven (37) above as if fully stated herein.

48. Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

49. Equifax allowed for a Furnisher to report inaccurate and erroneous account information to Plaintiff's credit file.

50. Upon information and belief, Equifax does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

51. Equifax selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

52. Equifax chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

53. As a result of this conduct, action, and inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; reduction in credit score; and mental

and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

54. The conduct, action and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages, and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

55. Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, DARREN JEROME FUSELIER, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

### COUNT III
### Violations of 15 U.S.C. § 1681i as to
### Defendant, Equifax Information Services LLC (Negligent)

56. Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-seven (37) above as if fully stated herein.

57. After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable

reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

58. Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Equifax failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher.

59. Plaintiff provided Equifax with the information it needed to confirm the balance of the Capital One tradeline was inaccurate. Equifax ignored this information and failed to conduct a thorough investigation into his disputes or otherwise make his credit file accurate.

60. As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; reduction in credit score; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

61. The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

62. Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, DARREN JEROME FUSELIER, respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT IV
### Violations of 15 U.S.C. § 1681i as to Defendant, Equifax Information Services LLC (Willful)

63. Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-seven (37) above as if fully stated herein.

64. After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit

file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

65. Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Equifax failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher.

66. Plaintiff provided Equifax with the information it needed to confirm the balance of the Capital One tradeline was inaccurate. Equifax ignored this information and failed to conduct a thorough investigation into his disputes or otherwise make his credit file accurate.

67. As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; reduction in credit score; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

68. The conduct, action, and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

69. Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, DARREN JEROME FUSELIER, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT V
### Violation of 15 U.S.C. § 1681 s-2(b) as to Defendant, Capital One, N.A. (Negligent)

70. Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-seven (37) above as if fully stated herein.

71. Capital One furnished inaccurate account information to Equifax and through Equifax to all of Plaintiff's potential lenders.

72. After receiving Plaintiff's disputes, Capital One violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the erroneous account; (ii) failing to review all relevant information regarding same; (iii) failing to accurately respond to Equifax; and (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

73. Plaintiff provided all the relevant information and documents necessary for Capital One to have identified that the account balance was erroneous.

74. Capital One knowingly chose to follow procedures which did not review, confirm, or verify the account balance was accurate.

75. Capital One violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to Equifax after it had been notified that the information it was furnishing was inaccurate.

76. As a direct result of this conduct, action, and/or inaction of Capital One, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; reduction in credit score; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

77. The conduct, action, and inaction of Capital One was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

78. Plaintiff is entitled to recover costs and attorney's fees from Capital One in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, DARREN JEROME FUSELIER, respectfully requests that this Court award actual damages against Defendant, CAPITAL ONE, N.A.; jointly and severally; award Plaintiff his attorneys' fees and costs; award pre-

judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

## COUNT VI
### Violation of 15 U.S.C. § 1681 s-2(b) as to Defendant, Capital One, N.A. (Willful)

79. Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-seven (37) above as if fully stated herein.

80. Capital One furnished inaccurate account information to Equifax and through Equifax to all of Plaintiff's potential lenders.

81. After receiving Plaintiff's disputes, Capital One violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the erroneous account; (ii) failing to review all relevant information regarding same; (iii) failing to accurately respond to Equifax; and (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

82. Plaintiff provided all the relevant information and documents necessary for Capital One to have identified that the account balance was erroneous.

83. Capital One knowingly chose to follow procedures which did not review, confirm, or verify the account balance was accurate.

84. Capital One violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to Equifax after it had been notified that the information it was furnishing was inaccurate.

85. As a direct result of this conduct, action, and/or inaction of Capital One, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; reduction in credit score; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

86. The conduct, action, and inaction of Capital One was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

87. Plaintiff is entitled to recover costs and attorney's fees from Capital One in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, DARREN JEROME FUSELIER, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, CAPITAL ONE, N.A.; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, DARREN JEROME FUSELIER, respectfully requests that this Court award judgment for actual, statutory, compensatory, and punitive damages against Defendants, EQUIFAX INFORMATION SERVICES LLC and CAPITAL ONE, N.A., jointly and severally; attorneys' fees and costs; prejudgment and post-judgment interest at the judgment rate; and such other relief the Court deems just and proper.

DATED this 27th day of December 2024.

Respectfully submitted,

*/s/ Octavio Gomez*
Octavio "Tav" Gomez, Esq.
Florida Bar #: 0338620
Georgia Bar #: 617963
Pennsylvania Bar #: 325066
The Consumer Lawyers PLLC
501 Kennedy Blvd, Suite 610
Tampa, Florida 33602
Cell: (813) 299-8537
Facsimile: (844) 951-3933
Tav@theconsumerlawyers.com
*Attorney for Plaintiff*